HARRY W. CRAIG AND MINNIE VELMA CRAIG *v.* SABURO UYEOKA AND UNITED STATES FIDELITY AND GUARANTY COMPANY.

No. 2104.

ARGUED JANUARY 12, 1934.　　　　DECIDED JANUARY 30, 1934.

PERRY, C. J., BANKS AND PARSONS, JJ.

*Per Curiam.* The Plaintiffs move for a reopening of this case "for the purpose of additional argument and decision" of the question whether they are entitled to recover the sum of $392.34 which they paid to the Hawaii Lumber Company for materials furnished by it to the contractor and used in the construction of the house referred to in the opinion heretofore filed herein, the facts being that the Hawaii Lumber Company, within the forty-five day period specified in the Mechanics' Lien Law, had filed notice of lien and made demand upon the owners but had not instituted judicial proceedings to enforce the lien, that the contractor had not paid for the materials, that a note for the sum just stated had been given by the owners prior to the expiration of the forty-five day period and that the note was paid more than forty-five days after the completion of the building. The respondents join in the

request that the case be reopened in order that a decision may be obtained now upon the point above stated.

The question which counsel desire to argue and to have decided was not expressly raised by any of the exceptions which are incorporated in the bill of exceptions. It may be assumed, without so deciding, that, as contended by the parties, the question is sufficiently presented under one or more of certain rather general exceptions set forth in the bill. In other words, it may be assumed that the case stands as though the question upon which it is desired to present argument was expressly raised by an exception. Additional facts are, however, that the question, as clearly appears from the record and as is admitted by counsel on both sides, was not argued or referred to either in the briefs or in the oral argument. Ordinarily, questions, even though clearly raised by the exceptions, which are not argued either in writing or orally, are deemed to be abandoned and have been often expressly disregarded by the court as abandoned. It would be poor practice, probably encouraging laxness in the argument of cases in briefs and orally, to permit parties after thus abandoning questions and after rendition of a decision by this court to then say for the first time that they would like to argue the questions theretofore abandoned.

Pages one and two of the opinion of the court filed herein on December 19, 1933, are ordered corrected by the clerk so that it may clearly appear therefrom that the ruling made relating to the payment by the plaintiffs of the claim of the Fiebig company and of the Smith Lumber Company does not include or apply to the payment by the plaintiffs of the claim of the Hawaii Lumber Company in the amount of $392.34.

The motion to reopen is denied.

*C. A. Gregory* for plaintiffs.

*N. M. Newmark* for defendants.